Vivek Suri, Esq.
Counsel for Plaintiffs
267 Fifth Avenue
Suite 1000
New York, NY 10016
T: 212.537.6936
E: lawyer@surilawoffice.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

MANJIT SINGH AND CHARANJIT KAUR, Individually and on behalf of all other persons similarly situated,

Plaintiff(s),

v.

GURU NANAK DARBAR OF LONG ISLAND, INC.

Defendant(s).

Case No. ____________

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

Plaintiffs Manjit Singh and Charnjit Kaur hereby allege through their attorney, Vivek Suri, as against his former employers Defendant Guru Nanak Darbar of Long Island, Inc., as follows:

NATURE OF THE ACTION

1. Plaintiffs assert, on their behalf and other similarly situated current and former employees of Defendant and those who elect to opt into this action under the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 216(b), that Defendant failed to pay them overtime pay.

2. Plaintiffs assert, on their behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law (“N.Y. Lab. Law”) by (i) failing to pay minimum wage, (ii) failing to pay overtime, (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (iv) failing to provide accurate wage statements under N.Y. Lab. Law § 195.3 with every wage payment.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff’s state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff’s FLSA claim under 29 U.S.C. § 216(b).

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiffs Manjit Singh and Charanjit Kaur were, at all relevant times, adult individuals residing in Nassau County, New York. Plaintiffs are a married couple.

7. Defendant Guru Nanak Darbar of Long Island, Inc., is a domestic not for profit corporation that is organized under New York law and is authorized to do business in the State of New York. It has registered the following address with the New York Department of State, Division of Corporations, to accept service on its behalf: 36 Knoll Lane, Glen Head, NY 11545.

8. Currently the president of the Defendant's Board of Trustees is Balbir Singh Pawa.

9. Defendant and its President, upon information and belief, owns, operates, and controls Defendants' day-to-day operations and management. He had the authority to hire and fire employees, set their work schedule and pay.

10. At all relevant times, Defendant employed Plaintiffs and other similarly situated employees.

11. Defendant collectively has operated an enterprise engaged in commerce or in the production of goods for commerce. The Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including computers.

12. The Defendant, directly or indirectly, has hired and fired Plaintiff and other employees, controlled their work schedules and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

13. At any given time, Defendant has had more than 10 employees.

STATEMENT OF FACTS

Overview

14. Defendant is a not-for-profit corporation that runs a Gurudwara ("Sikh Temple") in Hicksville, in Nassau County.

15. Defendants have employed at least 10 hourly employees at their temple location in Hicksville, at any one time in the past three years.

16. The Defendant employed Plaintiff Manjit Singh and Charnjit Kaur as employees from August 2013 to September 20, 2024.

Work Schedule

17. Plaintiff Manjit Singh typically worked seven days a week. From Monday to Thursday, he worked from 8:00 a.m. to 9:00 p.m. and From Friday to Sunday he worked, from 6:00 a.m. to 11:00 p.m.

18. Plaintiff Manjit Singh typically worked 90 hours or more per week.

19. Plaintiff Charanjit Kaur typically worked seven days a week. From Monday to Thursday, she worked from 6:00 a.m. to 9:00 p.m. and From Friday to Sunday he worked, from 6:00 a.m. to 11:00 p.m.

20. Plaintiff Charanjit Kaur typically worked 100 hours or more per week.

21. Plaintiffs know from personal conversations and observations that Defendant's other hourly employees worked similar hours as they did.

Defendant's Compensation Policies

22. Defendant paid both Plaintiffs $2,200.00 per month from 2017 to 2024.

23. Defendant paid both Plaintiffs $1,700.00 per month from 2013 to 2017.

24. Defendant provided an apartment for the plaintiffs to live in from 2013 to 2020.

Defendant deducted rent of $1,200.00 per month from each plaintiffs' monthly income from 2013 to 2020, so that both plaintiffs were paid a net amount of $500.00 per month from 2013 to 2017 and $1,000.00 from 2017 to 2020.

25. After 2020 the plaintiffs moved to their own house and were paid a net amount of $2,200.00 per month.

26. Defendant paid both Plaintiffs by cash.

27. Defendant did not pay Plaintiffs any overtime premium pay for hours the worked over 40 in a week.

28. Plaintiffs know from personal conversations and observations that Defendant's other hourly employees were paid the same way that they were paid and were not paid any overtime premiums for hours worked over 40 in a week.

29. Defendant's other hourly employees have been, and continue to be, employed in non-exempt positions and entitled to overtime premium pay.

30. Defendant knowingly violated the FLSA and N.Y. Lab. Law with the explicit purpose or reducing its labor costs.

31. In September 2024, Defendant retaliated against the plaintiffs and fired them both from their jobs because they went to India to see their families.

<u>Defendants' Recordkeeping Policies</u>

32. Defendant did not provide Plaintiffs with a wage statement, which contains the required information under N.Y. Lab. Law § 195.3, with every wage payment.

33. When hiring the plaintiffs and at no point during their employment has Defendant provided Plaintiff with the required Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

34. Plaintiffs know from personal conversations that other employees were not provided with the required wage statement and were not provided with Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

35. Defendant's failure to provide their employees with the N.Y. Lab. Law §§ 195.1 and 195.3 notices and accurate wage statements deprived them of the information necessary for Plaintiffs and other employees to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

36. If Defendant had complied with the N.Y. Lab. Law §§ 195.1 and 195.3 notices and wage statements, their employees would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

37. Defendant did not post at any of places of employment a poster advising Plaintiffs and other employees of their right to a minimum wage and overtime premium pay.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs assert these allegations and claim on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendant employ and have employed as employees and other comparable positions at any time since January 20, 2020 (the "Class Members").

39. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 10 Class Members exist.

40. Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the

context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a non-profit corporate defendant.

41. Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

42. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

43. Plaintiffs have the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

44. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a. Whether Defendant employed Plaintiffs and the Class Members within the meaning of the N.Y. Lab. Law;

b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c. Whether Defendant paid Plaintiffs and the Class Members for all hours worked;

d. Whether Defendant failed to provide Plaintiffs and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

e. Whether Defendant failed to provide Plaintiffs and the Class Members wages statements under N.Y. Lab. Law § 195.3;

f. Whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the N.Y. Lab. Law in any area where Plaintiffs and the Class Members are employed;

g. Whether Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

h. Whether Defendant should be enjoined from such violations of the N.Y. Lab. Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

45. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendant employ and have employed as employees or other comparable positions at any time since January 20, 2020, to the entry of judgment in this case (the "Collective Action Members").

46. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

a. Defendant employed the Collective Action Members within the meaning of the FLSA;

b. Collective Action Members performed similar duties;

c. Defendant willfully or recklessly violated the FLSA;

d. Defendant should be enjoined from such violations of the FLSA in the future; and

e. The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

## FIRST CAUSE OF ACTION
## UNPAID OVERTIME WAGES UNDER THE FLSA
## (On Behalf of Plaintiffs and the Collective Action Members)

47. Plaintiffs repeat every preceding allegation as if set forth fully herein.

48. Plaintiffs consent, through counsel, to be a party to this action under 29 U.S.C. §216(b).

49. Defendant employed, and/or continue to employ, Plaintiff and the Collective Action

Members within the meaning of the FLSA.

50. Defendant has been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. Defendant was required to pay Plaintiffs and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. Defendant knowingly failed to pay Plaintiffs and the Collective Action Members the proper overtime compensation.

53. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiffs and the Collective Action Members the proper overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

54. Defendant were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

55. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiffs and the Collective Action Members' compensation.

56. Due to Defendant's FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

57. Because Defendant's FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

58. As a result of Defendant's FLSA violations, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

59. Plaintiffs reallege every preceding allegation as if set forth fully herein.

60. Defendant is "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiffs and the Class Members.

61. Defendant failed to pay Plaintiffs and the Class Members the statutory minimum wage, violating the N.Y. Lab. Law. 12 N.Y.C.R.R. § 142-2.1; N.Y. Lab. Law § 652.

62. Defendant willfully violated the N.Y. Lab. Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members the statutory minimum wage.

63. Due to Defendant's N.Y. Lab. Law violations, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

64. Because of Defendant's NY Labor Law violations, a six-year statute of limitations applies. Under N.Y Lab. Law § 198(3).

THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

65. Plaintiffs reallege every preceding allegation as if set forth fully herein.

66. Under the N.Y. Lab. Law and supporting New York Statement Department of Labor Regulations, Defendant was required to pay Plaintiffs and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law §§ 652, 650 *et seq.*

67. Defendant willfully violated the N.Y. Lab. Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members the correct amount of overtime wages.

68. Due to Defendant's N.Y. Lab. Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

69. Because of Defendant's NY Labor Law violations, a six-year statute of limitations applies. Under N.Y Lab. Law § 198(3).

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

70. Plaintiffs reallege every preceding allegation as if set forth fully herein.

71. Defendant willfully failed to supply Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

72. Defendant's failure to provide its employees with the N.Y. Lab. Law § 195.1 notice

deprived them of the information necessary for them to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

73. If Defendant had complied with the N.Y. Lab. Law § 195.1 wage notices, its employees would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

74. Due to Defendant's violations of N.Y. Lab. Law § 195.1, Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

75. Plaintiffs reallege every preceding allegation as if set forth fully herein.

76. Defendant has willfully failed to supply Plaintiffs and the Class Members with the required accurate wage statements with every payment of wages, violating N.Y. Lab. Law § 195.3.

77. Defendant's failure to provide its employees with the N.Y. Lab. Law § 195.3 wage statements deprived them of the information necessary for Plaintiff and the Class Members to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

78. If Defendant had complied with the N.Y. Lab. Law § 195.3 wage statements, Plaintiffs and the Class Members would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

79. Due to Defendant's violations of N.Y. Lab. Law § 195.3, Plaintiffs and the Class

Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by N.Y. Lab. Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their behalf and on behalf of the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

b. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs and his counsel to represent the Class Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for unpaid minimum wage under N.Y. Lab. Law;

f. An award for unpaid overtime under the FLSA and N.Y. Lab. Law;

g. An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

h. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

i. An award of liquidated damages as a result of Defendant's N.Y. Lab. Law violations;

j. An award of liquidated damages as a result of Defendant's willful FLSA violations;

k. Equitably tolling the statute of limitations under the FLSA;

l. An award of pre-judgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
January 20, 2026

/s/ Vivek Suri
Vivek Suri, Esq.